**UNITED STATES of America, Appellant,**

v.

**Chastity HAWKINS, Defendant–Appellee.**

**Nos. 03–1637XAP, 03–1636L.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2004.

Andrew C. Hruska, Chief Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellant.

Daniel Noble, New York, NY, for Defendant–Appellee.

Present: OAKES, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **VACATED** and **REMANDED**.

The United States appeals from a judgment of the district court for the Eastern District of New York (Weinstein, *J.*), convicting defendant-appellee Chastity Hawkins, following a guilty plea, of conspiracy to commit health care and mail fraud in violation of 18 U.S.C. § 371, and sentencing her to three years' probation, $148,814.24 in restitution, and a $100 special assessment. On appeal, the government argues that the district court erred in departing downward five levels on the ground of extraordinary rehabilitation.

Under the recently-enacted Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108–21, 117 Stat. 650 (2003), a district court's downward departure is reviewed *de novo*. *See United States v. Kostakis,* 364 F.3d 45, 51 (2d Cir.2004). Accordingly, we must ascertain whether the defendant's rehabilitation is truly extraordinary. However, in the instant case, the district court failed to detail its reasons or factual basis for finding the defendant's rehabilitation to be extraordinary. As a result, we are unable

to determine whether or not the district court erred in downwardly departing. Accordingly, we **VACATE** the district court's sentence and **REMAND** "for further development of the record so that the district court can make findings of fact as to the existence of [the defendant's] extraordinary rehabilitation." *United States v. Bryson,* 163 F.3d 742, 749 (2d Cir.1998).