UNITED STATES of America,
Appellant,

v.

Chastity HAWKINS, Defendant–Appellee.

No. 05–4913–cr.

United States Court of Appeals,
Second Circuit.

April 30, 2007.

Appearing for Appellant: David C. James, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Debra D. Newman, Assistant United States Attorney, on the brief), Brooklyn, NY.

Appearing for Appellee: Daniel Nobel, New York, NY.

Present: CHESTER J. STRAUB, ROSEMARY S. POOLER and J. CLIFFORD WALLACE,* Circuit Judges.

## SUMMARY ORDER

The United States appeals the August 25, 2005, judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) sentencing defendant-appellee Chastity Hawkins to three years probation following her guilty plea to one count of conspiracy to commit health care fraud and mail fraud. *See United States v. Hawkins,* 380 F.Supp.2d 143 (E.D.N.Y.2005). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The Government contends that the district court committed an error of law in downwardly departing based on a finding of extraordinary rehabilitation. While the district court did make a downward departure for extraordinary rehabilitation, the district court alternatively found that a sentence of three years probation was an appropriate non-Guidelines sentence upon consideration of the factors in 18 U.S.C. § 3553(a) under the post-*Booker* sentencing regime. *See Hawkins,* 380 F.Supp.2d at 165 ("If the case were remanded under *Booker* for resentencing, the court would, based on the information now available, impose the same sentence of probation that was previously imposed."); *id.* at 177 ("A non-Guideline sentence in the instant case is required based on the sentencing criteria in section 3553(a) of title 18 of the United States Code and the authority of *Booker* and *Crosby.*"). Because the district court specifically indicated in its opinion that it would impose the same sentence of probation as a non-Guidelines sentence if this case were remanded for post-*Booker* resentencing, any alleged error in the downward departure for extraordinary rehabilitation is harmless if the district

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

court's alternative rationale can be upheld. *See United States v. Selioutsky*, 409 F.3d 114, 118 n. 7 (2d Cir.2005) (noting that this court could forgo review of the correctness of a departure if there was "a sufficient basis for believing that the same sentence would have been imposed as a non-Guidelines sentence" because in such a case "any error in using departure authority to select the sentence that was imposed would be harmless").

"In the post-*Booker* regime, we review a district court's sentence for reasonableness." *United States v. Castillo*, 460 F.3d 337, 354 (2d Cir.2006) (internal quotation marks omitted). Reasonableness is a flexible concept and appellate courts "should exhibit restraint, not micromanagement" when reviewing the sentence imposed by a district court. *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). Reasonableness is a deferential standard of review that focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005). Our review is no less deferential when the government appeals a sentence as too low. *See United States v. Jones*, 460 F.3d 191, 196 (2d Cir.2006) ("If we are to be deferential when the Government persuades a district judge to render a non-Guidelines sentence somewhat above the Guidelines range, we must be similarly deferential when a defendant persuades a district judge to render a non-Guidelines sentence somewhat below the Guidelines range. Obviously, the discretion that *Booker* accords sentencing judges to impose non-Guidelines sentences cannot be an escalator that only goes up.").

In this case, the district court recognized that the Guidelines range called for a sentence of 12–18 months imprisonment, it considered each of the Section 3553(a) factors, and it explained in detail why it found that those factors supported a non-Guidelines sentence of probation. *See Hawkins*, 380 F.Supp.2d at 177–78. The Government does not challenge any of the district court's underlying factual findings, nor does it point to any specific legal error in this portion of the district court's analysis. Rather, the Government argues that this section of the district court's opinion necessarily relied on the downward departure for extraordinary rehabilitation. We find no merit to this contention. When discussing its reasons for imposing a non-Guidelines sentence of probation, the district court explicitly recognized the correct Guidelines range and properly considered that range when conducting its analysis. *Id.* at 177 ("The maximum sentence within the Guideline range would result in a period of incapacitation of only 18 months."). The district court also recognized the distinction between downwardly departing under the Guidelines for "extraordinary rehabilitation" and considering rehabilitation as one factor in the post-*Booker* Section 3553(a) analysis. *See id.* at 161.[1] We

---

1. We are also unpersuaded by the Government's argument that because the district court discussed the issue of extraordinary rehabilitation at "great length," this proves that the finding of extraordinary rehabilitation was necessarily a part of the district court's alternative Section 3553(a) analysis as well. As the Government is well-aware, a prior order of this court had found that the district court had "failed to detail its reasons or factual basis for finding the defendant's rehabilitation to be extraordinary," and instructed the district court to further develop the record on the issue of rehabilitation. *United States v. Hawkins*, 119 Fed.Appx. 318, 318–19 (2d Cir. 2004). It therefore comes as no surprise that the district court devoted the bulk of its opinion to addressing the precise issue we requested it to explain in further detail. After doing so, however, the district court then

find that the district court properly discharged its statutory duty to consider the Section 3553(a) factors and explain its reasons for imposing a non-Guidelines sentence of probation. The resulting sentence is neither procedurally nor substantively unreasonable.

Accordingly, the judgment of the district court is AFFIRMED.

WALLACE, Circuit Judge, dissenting:

The majority concludes that the district court's sentencing decision is reasonable. I disagree.

Reasonableness is a flexible concept. *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). Its bounds, however, are not limitless. A sentence may be unreasonably short, for example, where it was partially the result of a legal error. *United States v. Wills*, 476 F.3d 103, 107 (2d Cir.2007). Similarly, the imposition of no term of imprisonment may be unreasonable where it "exceed[s] the bounds of allowable discretion." *See United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir.2006). "In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress." *Id.* at 133.

Here, the district recognized that the Guidelines range called for a sentence of 12–18 months imprisonment, but imposed no term of imprisonment. In so doing, the district court listed a number of factors supporting the non-Guidelines sentence. It observed, for example, that general deterrence was adequately served by the sentence, that the public is better protected from future criminal activity by imposi-

tion of probation, and that the defendant's conduct within the past two years reflected her law-abiding lifestyle. It also concluded that the rate of recidivism would likely be greater if Hawkins were imprisoned, that her educational and vocational training were best served by imposing no sentence, that her daughter would be affected by her incarceration, and that "pertinent" policy reasons supported probation.

The bulk of these conclusions, however, are not supported by the evidence. The district court found that Hawkins continued to commit insurance fraud during the nearly year-long adjournment of her sentence hearing. The crime that Hawkins was originally charged with was also fraud. In light of the fact that she continued to commit fraud, it is hard to see how the public is better protected from future criminal activity by an imposition of no sentence at all. Nor can it be reasonably said that Hawkins's conduct reflects her law-abiding lifestyle, or that general deterrence is adequately achieved. No pertinent policy reasons are furthered by rewarding Hawkins's continued criminal behavior by the imposition of no sentence at all.

While it is true that some of Hawkins's educational and vocational needs might be better served by setting her free, the same could be said of any defendant. Similarly, while incarceration of this defendant would undoubtedly affect her daughter, the same could be said of any other defendant who has children. Hawkins's vocational, educational, and parenting interests notwithstanding, the imposition of no sentence at all was unreasonable under the facts of the case.

turned to its alternate finding that a sentence of probation was an appropriate non-Guidelines sentence upon consideration of the Sec-

tion 3553(a) factors. *See Hawkins,* 380 F.Supp.2d at 177–78.

I would vacate the sentence and remand for resentencing.