**UNITED STATES of America, Appellee,**

v.

**Leonard FRITZSON, Defendant–Appellant.**

**No. 278, Docket 92–1267.**

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1992.

Decided Oct. 23, 1992.

Stanley J. Okula, Jr., Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D. New York, Emily Berger, Asst. U.S. Atty., on the brief), for appellee.

Marjorie M. Smith, New York City (The Legal Aid Society, Federal Defender Services Appeals Unit, on the brief), for defendant-appellant.

Before KEARSE, MINER, and MAHONEY, Circuit Judges.

PER CURIAM:

Defendant Leonard Fritzson appeals from a final judgment of the United States District Court for the Eastern District of New York, convicting him following his plea of guilty before Leonard D. Wexler, *Judge*, of mail fraud, in violation of 18 U.S.C. § 1341 (Supp. I 1989), and making and presenting false claims to the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 287 (1988). He was sentenced principally to 15 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Fritzson contends that the district court, in calculating his sentence under the federal Sentencing Guidelines ("Guidelines"), erred in increasing his offense level on the basis that Fritzson's special skill as an accountant significantly facilitated the commission of his offenses. We disagree and affirm the judgment.

In furtherance of a scheme to obtain a total of some $48,000 in income tax "refunds" from the government, Fritzson filed false tax returns for his infant children. The returns showed that in 1988, his then-three-year-old child had earned $57,200;

and that in 1989, that child had earned $68,900 and his other child, two years old, had earned $63,150. All three returns showed unusually high amounts of withholding. In order to make it appear that the returns were legitimate, Fritzson, an accountant, prepared and attached to them fictitious Form W–2 Wage and Tax statements, supposedly issued to the children by their supposed employers, confirming the high amounts withheld. Fritzson also filed with the appropriate authorities fictitious W–3 forms ("Transmittal of Income and Tax Statements") and submitted fictitious payroll tax returns.

Eventually charged with the mail-fraud and false-statement offenses described above, Fritzson pleaded guilty. Under § 2F1.1 of the Guidelines, the court calculated the initial base offense level for Fritzson's offenses as 6; this was adjusted upward by five steps based on the aggregate amount of the fraud, plus two steps because the offense involved more than minimal planning, resulting in an interim offense level of 13. In addition, the court added two points under Guidelines § 3B1.3 because Fritzson had used his special accounting skills in attempting to carry out his scheme. Fritzson challenges this last adjustment, contending that no special skill is required for the completion and filing of W–2 and W–3 forms and related payroll tax returns. We disagree.

■ Guidelines § 3B1.3 provides, in pertinent part, that the offense level should be increased by two levels "[i]f the defendant ... used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." An Application Note to this section states that

> "[s]pecial skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, *accountants*, chemists, and demolition experts.

Guidelines § 3B1.3 Application Note 2 (emphasis added). The fact that the same offenses could have been committed by a person without the defendant's special training is immaterial; a § 3B1.3 adjustment is proper where the defendant's special skills increase his chances of succeeding or of avoiding detection. *See, e.g., United States v. Connell*, 960 F.2d 191, 198–99 (1st Cir.1992) (adjustment appropriate for licensed stockbroker guilty of money laundering); *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir.1990) (adjustment appropriate for insurance claims adjuster guilty of mail fraud with respect to insurance scheme).

■ In reviewing a sentencing court's calculations under the Guidelines, an appellate court must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988). This standard governs our review of the court's determination of whether a § 3B1.3 adjustment is warranted. *See, e.g., United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir.1990) (assessment of whether defendant's special skill as printer facilitated counterfeiting offense).

■ In the present case, the district court referred to *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), which noted that "[t]he proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws." *Id.* at ——, 111 S.Ct. at 609. The district court found that with respect to tax matters, Fritzson, as an accountant, had special skills beyond the abilities possessed by the average person who was not an accountant, and that Fritzson used those skills in preparing the fraudulent forms at issue here. The court ruled that § 3B1.3 was therefore applicable. The record supports this view. Fritzson's chances of succeeding on his fraudulent claims for income tax refunds were increased by his filing of the false W–2 and W–3 forms. Those chances were further enhanced by his preparation and filing of false corporate payroll tax returns to bolster the withholding representations made in the false income tax returns. An accountant's knowledge of the withholding process, including the roles of the claim and transmittal documents,

and how and when to file them, exceeds the knowledge of the average person. And Fritzson's filing of the complementary corporate documents was a creative step plainly spawned by his expertise.

Accordingly, we see no abuse of discretion in the district court's § 3B1.3 adjustment of Fritzson's offense level because his special skill as an accountant significantly facilitated the commission of his offenses. The judgment of conviction is affirmed.