996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles MARSANICO, Defendant-Appellant.
 No. 92-30426.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant challenges the district court's imposition of a two level enhancement for use of a special skill pursuant to U.S.S.G. § 3B1.3 and its denial of a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant was employed as an accountant at three banks in New York for over ten years. By his own statement, the appellant was involved in trusts, investments, retirement funds, and pensions funds. Appellant never received a degree in accounting, nor is he certified or licensed in the field. He did, however, finish three and one half years of college. The appellant lost his job at a New York bank in 1991.
 
 
 4
 Appellant started a business in Seattle ostensibly for the purpose of legitimately managing investments. Whatever the original intent, appellant held himself out as an investment expert to various family members and other individuals. He took money from these sources but did not invest it in the manner he had promised. He used a considerable portion of the money for personal expenses.
 
 
 5
 Appellant sent his clients various types of forged financial documents that led them to believe that he had invested the money legitimately and that these investments were profitable. These documents included monthly statements indicating the proper amount of interest had been credited to their accounts, fraudulent stock trade sheets indicating that profitable transactions had occurred, fraudulent interest statement, documentation of interest rate changes, and counterfeit letterhead from a prominent corporation that the appellant falsely represented was a client.
 
 
 6
 Once the appellant realized that the FBI was suspicious of his activities, he turned himself in and confessed. Appellant pleaded guilty to two counts of wire fraud, 18 U.S.C. § 1343, pursuant to a plea agreement with the government. In that agreement, the appellant agreed to pay restitution of $548,500 to the victims of his investment scam. The appellant indicated where some of the money went, but he never fully accounted for all of the stolen funds.
 
 
 7
 The district court adopted the Presentence Report's (PSR) recommendation that the appellant's base offense level be enhanced by two levels for use of a special skill pursuant to U.S.S.G. § 3B1.3. The court also denied the appellant's request to grant a two level reduction in the base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. The court sentenced the appellant to 41 months in prison, 3 years of supervised release, $548,500 in restitution, and a $100 special assessment.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 8
 The district court had jurisdiction pursuant to 18 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
 
 
 9
 A district court's interpretation of the sentencing guidelines is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). The district court's findings of fact in the sentencing phase are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). We review a district court's refusal to grant the downward adjustment for acceptance of responsibility for clear error. United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992).
 
 III.
 DISCUSSION
 A. Issues on Appeal
 
 10
 There are two sentencing issues in this appeal. The first is whether the district court properly enhanced the appellant's base offense level pursuant to U.S.S.G. § 3B1.3 for use of a special skill that facilitated the commission or concealment of the offense. The second is whether the district court properly refused to grant the appellant a reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
 
 B. Use of a Special Skill
 
 11
 The appellant claims that he did not use his accounting skills in his scheme to defraud investors of their money. Section 3B1.3 of the Sentencing Guidelines, Abuse of Position of Trust or Use of Special Skill, states: "If the defendant ... used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." Application note 2 explains, " 'Special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts."
 
 
 12
 This circuit has taken "special skill" to mean a "pre-existing, legitimate skill not possessed by the general public to facilitate the commission or concealment of a crime." United States v. Green, 962 F.2d 938, 944 (9th Cir.1992) (quoting United States v. Young, 932 F.2d 1510, 1513 (D.C.Cir.1991)). Difficulty in completing the offense is not enough to warrant the application of this guideline. Green, 962 F.2d at 944.
 
 
 13
 The district court found that the appellant used his salesmanship and his experience to facilitate the commission and concealment of his scheme; apparently the district court believed the appellant's experience in banking gave him the knowledge to mislead others unfamiliar with the financial world. The appellant contends that the skill of an accountant is in bookkeeping and auditing, not in misleading unsavvy investors or producing financial documents. He argues that anyone with exposure to investments could have produced fake investment documents and his skill as an accountant was not causally linked to the offense. He argues that he utilized only his salesmanship, not a special skill, to deprive his victims of their money.
 
 
 14
 The government responds that the appellant called upon his years of experience as an accountant in the banking industry, during which he was involved in the trust, retirement, and pension areas, to produce documents that deceived clients into believing that legitimate investments had been made with their funds. They argue his skill in this area allowed him to commit his crimes and avoid detection by his victims.
 
 
 15
 The reasoning of the Second Circuit in United States v. Fritzson, 979 F.2d 21 (2d Cir.1992) (per curiam), is helpful in this case. In that case, an accountant's sentence was enhanced because he used his experience and skill as an accountant to make fraudulent tax returns appear legitimate when he filed forged withholding statements with the IRS. The court upheld the application of the section reasoning that, "[t]he fact that the same offenses could have been committed by a person without the defendant's special training is immaterial; a section 3B1.3 adjustment is proper where the defendant's special skills increase his chances of succeeding or of avoiding detection." Id. at 22 (citations omitted).
 
 
 16
 The present situation is similar to Fritzson. The appellant used his skills and experience from his trust, investment, and accounting work in the banks to convince his clients that he was successfully investing their funds. It is evident that an accountant must be familiar with financial documents to properly perform his job. It seems that the appellant absorbed enough knowledge about financial documentation to deceive his clients into thinking the investments had been made. His skill in creating the financial papers increased his chance of success and his chance of avoiding detection by his victims. The district court correctly imposed a two level enhancement for use of a special skill.
 
 C. Acceptance of Responsibility
 
 17
 The appellant claims the district court erred by not granting a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Subsection (a) of 3E1.1 reads: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." Subsection (c) reads, "A defendant who enters a guilty plea is not entitled to a sentence reduction under this section as a matter of right." Application note 1 lists 7 illustrative, but not exhaustive, considerations that a court can use in determining whether a particular individual deserves the reduction.
 
 
 18
 The appellant claims that his actions warrant a reduction for acceptance of responsibility. He voluntarily surrendered to the authorities, admitted his crimes, and accepted responsibility for his actions. He also paid restitution to one victim. He claims to have expressed genuine contrition to the court.
 
 
 19
 The government, and the probation department in the PSR, disagree. Although they do not dispute the above actions, they believe that the appellant did not sincerely show contrition because, although he did account for part of the money, he never gave a full explanation of what became of a large portion of the $548,500. The government argues that the appellant lied when he said he spent all the money but could not say where. They note that the appellant refused to take a polygraph examination concerning the money.
 
 
 20
 The appellant responds that since the government seized all of his financial records, he cannot accurately recall where all of the money went. He also claims that he did not take the polygraph because of its unreliability, the possibility of an unfavorable reading by the government, and he also notes that his heart condition would alter the reading.
 
 
 21
 The district court sided with the government. The judge felt that the defendant was not being truthful in his assertions that he had spent all of the money.
 
 
 22
 Although a guilty plea before a trial is significant evidence of acceptance of responsibility, Application note 3 makes it clear that this evidence may be outweighed by inconsistent conduct, such as the appellant's refusal to account for all of the money. Furthermore, Application note 5 instructs appellate courts that, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." There was sufficient evidence to support the district court's finding that the appellant was completely forthcoming concerning the money. The district court judge's conclusion that the appellant had not shown sufficient contrition and was therefore not entitled to a reduction for acceptance of responsibility was not clearly erroneous.
 
 
 23
 The appellant's reply brief and the appellee's brief discuss the Fifth Amendment and the impermissible use of silence against the appellant. The appellant claims that his silence by refusing to take the polygraph was used against him by not granting the reduction. The Fifth Amendment is not implicated in this case. The appellant made representations about what he had done with the money. He said he could not remember what happened to the rest of it because he could not consult his records. The district judge said, "Whether he has his records or not, if you've got $500,000, you know in big chunks where it went, and in big chunks where it remains, if any of it does." The judge made his decision based on the perception that the appellant was deliberately deceiving the court and the victims concerning the money and this showed a lack of contrition. The district court did not deny the reduction because of any implied refusal to answer based on the right against self-incrimination. Again, the district court's conclusion that the appellant had not shown sufficient contrition to warrant a downward departure for acceptance of responsibility was not clearly erroneous and is therefore affirmed.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3