**UNITED STATES of America,**
**Appellee,**

v.

**Menachem HIRSCH, Defendant–**
**Appellant.**

No. 05–6209–cr.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2007.

Stanley J. Okula, Jr., Assistant United States Attorney, (Harry Sandick, Assistant United States Attorney on the brief), for Michael J. Garcia United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Randall D. Unger, Bayside, NY, for Appellant.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

Defendant–Appellant appeals from an amended judgment of conviction entered in the United States District Court for the Southern District of New York on February 8, 2006 by the Honorable Stephen C. Robinson, United States District Judge. Defendant was convicted, by a guilty plea, of wire fraud in violation of 18 U.S.C. § 1343, and tax evasion in violation of 26 U.S.C. § 7201. On November 5, 2005, Defendant was sentenced by Judge Robinson principally to a term of 37 months' imprisonment, to be followed by a term of 3 years of supervised release. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

Hirsch first contends that the district court erred in making two enhancements under the United States Sentencing Guidelines ("U.S.S.G."). We apply de novo review to the legal questions regarding the application of the Sentencing Guidelines. *United States v. Jolly,* 102 F.3d 46, 48 (2d Cir.1996). In reviewing a sentencing court's calculations under the Guidelines, an appellate court must "give due defer-

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

ence to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Fritzson,* 979 F.2d 21, 22 (2d Cir.1992). We review the district court's findings of fact for clear error. *See United States v. Farah,* 991 F.2d 1065, 1068 (2d Cir.1993).

■ First, Hirsch argues that the district court erred in imposing a two-level enhancement, pursuant to U.S.S.G. § 3B1.3, because he argues that he did not abuse a position of trust. We have held that "whether a position is one of 'trust' . . . is to be viewed from the perspective of the offense victims and is a question of law for the court, subject to de novo review on appeal." *United States v. Wright,* 160 F.3d 905, 910 (2d Cir.1998). A court's determination that an individual "abused [a] position [of trust] in a manner that significantly facilitated the commission or concealment of the offense is a question of fact reviewed for clear error." *United States v. Hirsch,* 239 F.3d 221, 227 (2d Cir.2001). Whether someone occupies a position of trust "turns on 'the extent to which the position provides the freedom to commit a difficult-to-detect wrong,'" *United States v. Allen,* 201 F.3d 163, 166 (2d Cir.2000) (per curiam) (parenthetical citation omitted), and does not require "a legally defined duty such as fiduciary duty." *United States v. Barrett,* 178 F.3d 643, 646 (2d Cir.1999). We recently explained that this standard requires that the "defendant's position must involve discretionary authority . . . [and that] this discretion must have been entrusted to the defendant by the victim." *Hirsch,* 239 F.3d at 227 (parenthetical citations omitted). In this case it is clear that the defendant-appellant was entrusted with discretion over the victim's money and, further, that it was this discretion that provided the defendant

with the opportunity to commit the crime. Alternatively to the abuse of trust determination, the district court found that, pursuant to U.S.S.G. § 3B1.3, Hirsch employed his "special skill" in preparing the payroll tax forms. Hirsch does not challenge this finding on appeal. We have previously found that the "special skill" enhancement is applicable to those who use their knowledge of IRS procedures and tax forms to carry out a scheme of tax fraud. *Fritzson,* 979 F.2d at 23. Therefore, it was not error for the district court to find the existence of a trust relationship in these circumstances, nor alternatively, the use of a "special skill" in applying the U.S.S.G. § 3B1.3 enhancement to the defendant.

■ Next, Hirsch argues that the district court erred in imposing a two-level enhancement, pursuant to U.S.S.G. § 2T1.1(b)(1), applicable to defendants who fail "to report or correctly identify the source of income exceeding $10,000 in any year from criminal activity." U.S.S.G. § 2T1.1(b)(1). Hirsch argues that because he did not plead guilty to a failure to pay taxes on money that he made through the criminal endeavor, but rather to a failure to pay to the IRS funds that were legitimately earned by his clients through non-criminal activities, his sentence should not be subject to this enhancement. Defendant's argument is meritless. The language of the U.S.S.G. and our case law make clear that the relevant conduct provision of the U.S.S.G. is to be interpreted broadly. U.S.S.G. § 1B1.3; *see also United States v. Silkowski,* 32 F.3d 682, 688 (2d Cir.1994). Furthermore, that a defendant can be held liable for uncharged relevant conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *United States v. Martin,*

157 F.3d 46, 50 (2d Cir.1998). Given these applicable legal standards, it is clear that the District Court did not err in including as relevant conduct the Defendant's failure to report his own embezzled income from his fraudulent scheme.

Finally, Hirsch argues that his sentence was not reasonable under *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court failed to give adequate consideration to the applicable statutory sentencing factors. *See also* 18 U.S.C. § 3742(a)(1). When a sentence is challenged for reasonableness, we review both the actual term of the sentence and the procedures employed in determining the sentence. *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Id.* at 27; *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005). Furthermore, while we will review the record as a whole to determine whether a sentence is reasonable in a specific case, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. Finally, "we have imposed no [ ] requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all of the § 3553(a) factors along with the Guidelines applicable range." *Id.* at 27–28 (emphasis in original). In this case, it is clear that the district court was "aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance," *id.* at 29–30, thus "we will accept that the requisite consideration has occurred." *Id.* at 30. Not only did the district court judge read and reference all of the defendant's 77 page pre-sentence memorandum in its entirety, as well as a 12–page psychiatric exam report, and 45 pages worth of letters in support of the defendant, but the district court also explained, in detail, at the sentencing why it found an abuse of trust, would have alternatively found an enhancement for special skills, and why it included the enhancement for failure to report income exceeding $10,000. Furthermore, the district court gave the defendant ample time to argue for mitigating factors, and discussed and responded to the defendant's arguments in detail. Finally, the district court explained that it understood its duty under § 3553 and that it was taking those factors into consideration in determining the sentence. Therefore, there is nothing that the district court did in imposing a 37–month sentence, at the lowest end of the applicable Guideline range, that renders that sentence unreasonable.

For the reasons stated above, the judgment of conviction and sentence imposed by the district court is hereby AFFIRMED.