**UNITED STATES of America,**
**Appellee,**

v.

**Orlando COLLIE, Defendant–**
**Appellant.**

**No. 06–1669–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 7, 2007.

Alexander J. Willscher, Jr., Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Present: ROGER J. MINER, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Olando Collie [1] appeals the judgment, entered April 5, 2006, of the United States District Court for the Southern District of New York (Chin, J.), which memorializes his plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922. Collie was sentenced to a term of imprisonment of 63 months, to be followed by three years of supervised release. Collie contends that this sentence is unreasonable in light of 18 U.S.C. § 3553(a), which requires the imposition of a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the Federal Sentencing Guidelines. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

We apply de novo review to the legal questions regarding the application of the Sentencing Guidelines. *United States v. Jolly,* 102 F.3d 46, 48 (2d Cir.1996). In reviewing a sentencing court's calculations

---

1. The defendant's first name is misspelled as "Orlando" in the official caption of the Court.

under the Guidelines, an appellate court must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Fritzson*, 979 F.2d 21, 22 (2d Cir.1992). We review the district court's findings of fact for clear error. *See United States v. Farah*, 991 F.2d 1065, 1068 (2d Cir.1993).

When a sentence is challenged for reasonableness, we review both the actual term of the sentence and the procedures employed in determining the sentence. *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Id.* at 27; *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005). Furthermore, while we will review the record as a whole to determine whether a sentence is reasonable in a specific case, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27.

In arguing that 18 U.S.C. § 3553(a) has been violated, Collie points to the difference in the severity of his federal sentence and the sentences he received for his multiple state convictions: "[A federal] sentence of over five years' imprisonment— five times greater than any sentence ... previously received was far greater than necessary to 'comply with' the enumerated statutory purposes." Judge Chin's assessment of Collie's criminal record is therefore asserted to be unreasonable because "despite [Judge Chin's] characterization of the [prior] offenses as 'serious matters,' the state court considered these offenses as far less serious than did the [federal] district court."

As the Government correctly argues, however, a district court is in fact fulfilling the Guidelines' statutory goal of deterrence of future crime by imposing a relatively harsh sentence upon a defendant who has previously served brief sentences for multiple convictions. *See U.S. v. Mishoe*, 241 F.3d 214, 220 (2d Cir.2001) ("if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect"). Further, Collie cites no law that holds that the purposes of the Federal Sentencing Guidelines are in any way fulfilled by requiring a federal sentencing judge to replicate the relatively lenient treatment a defendant has received under a state sentencing regime.

Collie's further argument to the effect that Judge Chin erred by not specifically mentioning, or sufficiently discussing, the factors set forth in 18 U.S.C. § 3553(a), which are to guide sentencing, is without merit. "We have imposed no [ ] requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all of the § 3553(a) factors along with the applicable Guidelines range." *Fernandez*, 443 F.3d at 29 (emphasis in original). Rather, "[a]s long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95 (2d Cir. 2005). We find no such misunderstanding or misperception on the part of Judge Chin, and we therefore affirm Collie's sentence.

146

For the reasons stated above, the judgment of conviction and sentence imposed by the district court is hereby AFFIRMED.