SUMMARY ORDER
Defendant-appellant Patrick Uzoefune appeals from a judgment entered on September 4, 2008, in the United States District Court for the Eastern District of New York (Gleeson, /.). Uzoefune was convicted, upon his plea of guilty, of making false claims to the Internal Revenue Service in violation of 18 U.S.C. § 287 and sentenced to 60 months’ imprisonment, three years’ supervised release, a $100 special assessment and restitution in the amount of $65,176. We assume the parties’ familiarity with the underlying facts, procedural *362 history, and specification of issues for review.
We reject Uzoefune’s arguments that the government breached the plea agreement because: (1) the government supported the Probation Department’s recommendation of a loss calculation that took into account additional relevant conduct, and an enhancement for abuse of trust, neither of which was included in the Guidelines estimate in the plea agreement, and (2)it urged the district court to impose the maximum statutory sentence, which was three months longer than the estimate in the plea agreement. We do so because the plea agreement allowed the government to advocate for a sentence outside the estimated range of 46 to 57 months if new infonnation relevant to sentencing became known, and because the record supports a conclusion that the government became aware of additional loss amounts after Uzoefune pled guilty. Further, the government’s failure to include the abuse of trust enhancement in its Pimental estimate was a mistake made in good faith and resulting in no prejudice to the defendant. See United States v. Habbas, 527 F.3d 266, 270-72 (2d Cir.2008). Finally, there was no breach by virtue of the government’s request for a 60-month statutory maximum sentence, since the district court had determined that the guideline range was above 60 months when the government made that request.
Uzoefune’s various complaints about his sentence are also without merit. First, Uzoefune was not placed in Double Jeopardy because the district court considered conduct previously considered in an earlier sentencing and/or supervised release violation hearing. See Witte v. United States, 515 U.S. 389, 391, 403-04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) (holding that a court does not violate the Double Jeopardy Clause “by convicting and sentencing a defendant for a crime when the conduct underlying that offense has been considered in determining the defendant’s sentence for a previous conviction.”); United States v. Carlton, 442 F.3d 802, 809 (2d Cir.2006) (holding that sentence for violation of supervised release condition is “part of the penalty for the initial offense,” and thus “acts that constitute a violation ... may serve as the basis for a separate prosecution” without running into Double Jeopardy concerns) (quotation marks omitted).
Second, Uzoefune’s argument that the district court incorrectly computed loss fails because: (1) the losses from the social security scheme were “relevant conduct,” United States v. Silkowski, 32 F.3d 682, 687-88 (2d Cir.1994); see U.S.S.G. § 1B1.3(a)(2), cmt. n. 9(B); (2) relevant conduct can include items that fall outside of the statute of limitations, Silkowski, 32 F.3d at 688; and (3) loss is “the greater of actual loss or intended loss,” U.S.S.G. § 2B1.1 cmt. n. 3(A), and intended loss “includes intended pecuniary harm that would have been impossible or unlikely to occur,” id. cmt. n. 3(A)(ii).
Third, the district court did not err in imposing a two-level enhancement for use of sophisticated means under U.S.S.G. § 2B1.1(b)(9) because this enhancement applies to “[cjonduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts,” U.S.S.G. § 2B1.1 cmt. n. 8(B), and there was sufficient evidence to show that Uzoefune used shell companies to further his criminal activity.
Fourth, there was no error in the district court’s finding that Uzoefune, in his position as a tax preparer, abused a position of trust pursuant to U.S.S.G. § 3B1.3. See United States v. Friedberg, 558 F.3d 131, 136 (2d Cir.2009) (Grand Secretary of private fraternal association held position of trust); United States v. *363 Hirsch, 249 Fed.Appx. 863, 865 (2d Cir.2007) (payroll tax form preparer held position of trust).
Fifth, the district court did not err in concluding that Uzoefune was not entitled to an adjustment for his previous 15-month sentence for a violation of supervised release, because U.S.S.G. § 5G1.3 is inapplicable to Uzoefune as he was not subject to an “undischarged term of imprisonment” at the time of sentencing; he had completed his sentence for the supervised release violation approximately a year before he was sentenced for the instant offense. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir.1998).
Sixth, Uzoefune’s sentence was substantively reasonable, and also procedurally reasonable for the reasons already explained and because our review of the record reveals that the district court assessed the 18 U.S.C. § 3553(a) factors.
Finally, even if this Circuit had recognized the doctrine of sentence manipulation, see United States v. Gagliardi, 506 F.3d 140, 148 (2d Cir.2007), Uzoefune’s claims that the government engaged in sentence manipulation would fail because the record supports the conclusion that the investigations that led to his 2004 false statement prosecution and the instant prosecution proceeded separately.
Accordingly, the judgment of the district court is hereby AFFIRMED.