**UNITED STATES of America,**
**Appellant,**

v.

**Eric JONES, Defendant–Appellee.**

**Docket No. 05–2289–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 19, 2006.

Decided: Aug. 2, 2006.

Steve Baczynski, Asst. U.S. Atty., Rochester, N.Y. (Michael A. Battle, U.S. Atty., Rochester, N.Y., on the brief), for Appellant.

Roxanne Mendez Johnson, Asst. Federal Defender, Rochester, N.Y. (Jay S. Ovsiovitch, of counsel, on the brief), for Appellee.

Before WALKER, Chief Judge, NEWMAN and KATZMANN, Circuit Judges.

NEWMAN, Circuit Judge.

This appeal of a sentence by the Government presents three issues: (1) whether the District Judge provided an adequate explanation for imposing a non-Guidelines sentence below the applicable Guidelines range to permit appellate review for reasonableness, (2) if so, whether the sentence is reasonable, and (3) if so, whether the judgment must be corrected to include the District Judge's reasons for the sentence. The appeal is from the April 5, 2005, judgment of the District Court for the Western District of New York (David G. Larimer, District Judge), sentencing Defendant–Appellee Eric Jones primarily to 15 months' imprisonment. We conclude that the District Judge's oral statement of reasons for the sentence set forth on the record was adequate, that the sentence is reasonable, but that the failure to include the reasons for the sentence in the judgment violates 18 U.S.C. § 3553(c)(2) and requires correction of the judgment. We therefore affirm the sentence, but remand for correction of the judgment.

## Background

The pending case arose when Rochester, New York, police arrested Jones in September 2004 in the barbershop where he worked. They found five bags of marijuana and three firearms. Jones admitted that he was the owner of the drugs and the guns, at least one of which he said was for his protection. The police arrested Jones for violation of state law. Nine months later the matter was taken over by federal authorities, and a federal grand jury indicted Jones on one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of "a detectable amount" of marijuana, in violation of 21 U.S.C. § 844(a). Jones had previously been convicted on a guilty plea of attempted criminal possession of a controlled substance in the third degree and sentenced to six weeks' imprisonment and five years' probation. He was discharged from probation in April 2002.

In November 2004, Jones pleaded guilty to the firearms count pursuant to a plea agreement specifying that the agreed Guidelines range under the then-mandatory Guidelines was 30–37 months. After the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on January 12, 2005, the District Court indicated that it would not accept the plea in Jones's case with its stipulated sentencing range of 30–37 months. At a hearing in March 2005, Judge Larimer indicated that he considered that range too harsh. In anticipation of a more lenient sentence, Jones withdrew his guilty plea and pleaded guilty to both counts.

Sentencing occurred at the end of March. Judge Larimer noted that the applicable sentencing range remained 30–37 months. He then mentioned two matters that he found "troubling." First, Jones had been unemployed for the past month, contrary to the representation of his defense counsel that he was currently employed. Second, Jones tested positive for marijuana on the day of sentencing. Upon inquiry by the Court, Jones explained that his work for his current em-

ployer was sporadic and that he did some part-time work that was not "on their books." Jones acknowledged marijuana use, which his lawyer attributed to stress in his life stemming from the recent death of his father.

After hearing from the Government, defense counsel, and Jones, Judge Larimer explained the thinking that prompted him to give a non-Guidelines sentence. Initially, he acknowledged the seriousness of the offenses, especially in view of the prior state drug conviction. He then referred to factors that he considered to count in Jones's favor. These included a "consistent work ethic," Jones's support of his wife and son, his assistance and support for other members of his family, his recent loss of his father, his attempt at college, his "very good and positive" adjustment to state probation, and the fact that Jones would be on supervised release for three years and would have to be "prepared for a much stiffer sentence" if he violated supervised release. The Judge candidly acknowledged that part of his thinking was not explainable: "I just had a gut feeling about you"; "I still have the sense that Eric Jones is capable of doing much better." Finally, Judge Larimer noted that he had considered all of the sentencing factors under 18 U.S.C. § 3553(a) and the applicable guideline and was "convinced that a non-guidelines sentence here is appropriate." Judge Larimer imposed a sentence of 15 months' imprisonment, followed by three years of supervised release.

## Discussion

### I. Sufficiency of the Reasons for a Non–Guidelines Sentence

After *Booker*, a sentencing judge remains obligated "to state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see United States v. Lewis*, 424 F.3d 239, 244–45 (2d Cir.2005); *United States v. Crosby*, 397 F.3d 103, 116 (2d Cir.2005). *Booker* left section 3553(c) "unimpaired." *Crosby*, 397 F.3d at 116.

The Government challenges Judge Larimer's reasons for imposing a non-Guidelines sentence on essentially two grounds. First, the Government contends that several of the reasons relied upon, notably the Defendant's education, emotional condition, favorable employment record, family support, and good record on state probation are factors that the Sentencing Commission has concluded are "ordinarily" not relevant "in determining whether a departure is warranted." *See* U.S.S.G. §§ 5H1.2 (education); 5H1.3 (emotional condition); 5H1.5 (employment record); 5H1.6 (family ties); 5H1.11 (prior good works). By citing the Guidelines' departure standards, however, the Government fails to appreciate that Jones's post-*Booker* sentence is not a Guidelines departure; it is a non-Guidelines sentence. *See Crosby*, 397 F.3d at 111 n. 9. With the entire Guidelines scheme rendered advisory by the Supreme Court's decision in *Booker*, the Guidelines limitations on the use of factors to permit departures are no more binding on sentencing judges than the calculated Guidelines ranges themselves. Of course, a sentencing judge's obligation to "consider" the Guidelines, *see* 18 U.S.C. § 3553(a)(4), along with the other relevant factors listed in section 3553(a), *see United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), includes the obligation to consider the Commission's relevant policy statements as well as the calculated Guidelines range. But "consideration" does not mean mandatory adherence.

The Government's misconception concerning the force of the Commission's policy statements limiting departures is illustrated by its reliance on decisions of this Court rendered before the Supreme

Court's decision in *Booker*. *See* Brief for Appellant at 14 (citing *United States v. Mora*, 22 F.3d 409 (2d Cir.1994), and *United States v. Stevens*, 192 F.3d 263 (2d Cir.1999)).

■ Second, the Government challenges Judge Larimer's expression of the subjective component of his thinking as to the appropriateness of a non-Guidelines sentence. As the Government notes, Judge Larimer said he had "the sense" that Jones is capable of doing better and that he had a "gut feeling" about Jones. We think this criticism, too, fails to appreciate the enhanced scope of a sentencing judge's discretion in the post-*Booker* world of advisory Guidelines. Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.

■ It is true that, after explaining his reasons for the particular non-Guidelines sentence he intended to impose, Judge Larimer gave no specific articulation as to why 15 months was the appropriate amount of punishment, *i.e.*, why the sentence was 15 months, rather than, say, 14 or 16 months. We decline to impose a requirement for such specific articulation of the exact number of months of an imposed sentence. Selection of an appropriate amount of punishment inevitably involves some degree of subjectivity that often cannot be precisely explained. In light of the reasons of the sort identified by Judge Larimer, a sentencing judge has many available guideposts in ultimately selecting an amount of punishment. The judge undoubtedly is familiar with the maximum penalty authorized by Congress and the proportion of that maximum that a particular sentence reflects. The judge is also aware of both the calculated Guidelines range and the sentences typically imposed in the district for misconduct of comparable seriousness.

Judge Larimer's reasons for the non-Guidelines sentence he imposed, even if not "ordinarily" grounds for a pre-*Booker* Guidelines departure and even though influenced in part by his subjective assessment of the Defendant, are adequate to support his conclusion that a post-*Booker* non-Guidelines sentence was appropriate for Eric Jones, and they suffice to satisfy the statutory requirement to state "the reasons for [the court's] imposition of the particular sentence." 18 U.S.C. § 3553(c).

II. Reasonableness of the Non–Guidelines Sentence

■ We recently reviewed a challenge to a non-Guidelines sentence, alleged to be unreasonable, in *United States v. Fairclough*, 439 F.3d 76 (2d Cir.2006). In *Fairclough*, a defendant challenged as unreasonable a sentence of 48 months, which was 21 months higher than the top of the calculated Guidelines range. In approving the non-Guidelines sentence, which was vigorously defended by the Government, we emphasized that " ' "reasonableness" is inherently a concept of flexible meaning, generally lacking precise boundaries,' " *id.* at 79 (quoting *Crosby*, 397 F.3d at 115), that a reviewing court " 'should exhibit restraint' " in assessing reasonableness, *id.* (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005)), that " 'we anticipate encountering ... circumstances [warranting rejection of a sentence as unreasonable] infrequently,' " *id.* at 80 (quoting *Fleming*, 397 F.3d at 100), and that we would not " 'fashion any *per se* rules as to

the reasonableness of every sentence within an applicable guideline or the unreasonableness of every sentence outside an applicable guideline,' " *id.* (quoting *Crosby,* 397 F.3d at 115).

In the pending case, the sentence of 15 months is 15 months less than the bottom of the calculated Guidelines range. In *Fairclough,* the non-Guidelines sentence was 21 months above the top of the calculated Guidelines range. If we are to be deferential when the Government persuades a district judge to render a non-Guidelines sentence somewhat above the Guidelines range, we must be similarly deferential when a defendant persuades a district judge to render a non-Guidelines sentence somewhat below the Guidelines range. Obviously, the discretion that *Booker* accords sentencing judges to impose non-Guidelines sentences cannot be an escalator that only goes up.

Of course, in any particular case a sentence, assessed even against the flexible standard of reasonableness, might be so far above or below a Guidelines range and so inadequately explained by the sentencing judge as to require rejection on appeal. But we continue to believe that we will " 'encounter[ ] such circumstances infrequently,' " *Fairclough,* 439 F.3d at 80 (quoting *Fleming,* 397 F.3d at 100), and do not consider Jones's sentence to be one of those circumstances.

In the pending case, we cannot say that, for a defendant with Jones's characteristics and background, 15 months of imprisonment is unreasonable for possession of a detectable amount of marijuana, even though exacerbated by possession of guns,

at least one of which was possessed for protection.

## III. Omission of Reasons from the Written Judgment

The Sentencing Reform Act contains three provisions concerning a sentencing court's obligation to state the reasons for a sentence. First, the court must in all cases state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Second, if the sentence is within an applicable Guideline range that exceeds 24 months, the judge must state "the reason for imposing a sentence at a particular point within the range." *Id.* § 3553(c)(1). Third, if the sentence is outside an applicable Guideline range, the judge must state "the specific reason for the imposition of a sentence different" from that prescribed by the Guideline range. *Id.* § 3553(c)(2). Compliance with all three requirements, where applicable, must be made "at the time of sentencing" and "in open court." *Id.* § 3553(c). Compliance with the second and third requirements, where applicable, must "also be stated with specificity in the written order of judgment and commitment." *Id.* § 3553(c)(2).[1] We have ruled that the Supreme Court's decision in *Booker* left section 3553(c) "unimpaired." *See United States v. Lewis,* 424 F.3d 239, 244 (2d Cir.2005); *United States v. Crosby,* 397 F.3d 103, 116 (2d Cir.2005).

In the pending case, as we have ruled above, Judge Larimer provided on the record in open court a sufficient statement of reasons for his non-Guidelines sentence to permit our review for reasonableness, thereby complying with the first require-

---

1. The additional requirement of including the reasons for subsection 3553(c)(1) and subsection 3553(c)(2) sentences in the written judgment is contained within subsection 3553(c)(2) itself, but the added requirement applies to sentences under both subsections.

This is evident from the fact that subsections 3553(c)(1) and 3553(c)(2) both refer to "reason" in the singular, but the written requirement language of subsection 3553(c)(2) uses the plural to state that the "reasons" must be included in the judgment.

ment of section 3553(c). However, the statement of reasons was not included in the written order of judgment and commitment, as additionally required by subsection 3553(c)(2) for a sentence outside the applicable Guidelines range. That omission requires consideration of the appropriate remedy.

In *United States v. Fuller*, 426 F.3d 556 (2d Cir.2005), this Court ruled that non-compliance with subsection 3553(c)(2) did not require a remand. *Id.* at 567. *Fuller* was a pre-*Booker* case in which the sentence, though a departure from the applicable guideline, was imposed under the mandatory Guidelines regime. More recently in *United States v. Goffi*, 446 F.3d 319 (2d Cir.2006), this Court, again considering a sentence that did not comply with subsection 3553(c)(2), ruled that "the better course" was to affirm the sentence but remand "with instructions that [the District Court] amend the written judgment to comply with 18 U.S.C. § 3553(c)(2)." *Id.* at 322 n. 2, 323. Although Goffi was originally sentenced pre-*Booker*, his sentence for violation of probation, which was the sentence considered on appeal, was imposed post-*Booker*. *See id.*

We have concluded that, with respect to a non-Guidelines sentence like that imposed in the pending case, we should use the remedy adopted in *Goffi* and remand for amendment of the judgment to comply with subsection 3553(c)(2). With the broader discretion available to sentencing judges under the advisory Guidelines regime of *Booker*, it will generally be helpful to the reviewing court (and to agencies such as the Sentencing Commission and the Bureau of Prisons) to have the judge's statement of reasons for a sentence outside an applicable guideline conveniently set forth in the written order of judgment and commitment. Although *Fuller*, a case decided under the mandatory Guidelines regime, did not remand to correct non-compliance with subsection 3553(c)(2), in the pending case, which involves a non-Guideline sentence under the advisory Guidelines regime, we agree with *Goffi* that "the better course" is to remand so that non-compliance with subsection 3553(c)(2) may be remedied.[2]

---

2. We need not set the sentence aside pursuant to 18 U.S.C. § 3742(f)(2)(B), which requires such action upon a Government appeal if the reviewing court determines that the sentence is "too low." We have determined that the sentence, reviewed for "reasonableness," is not "too low," and we twice stated that a sentence deemed on appellate review to be neither "too high" nor "too low" need not be vacated for non-compliance with subsection 3553(c)(2). *See Fuller*, 426 F.3d at 566; *United States v. Santiago*, 384 F.3d 31, 36–37 (2d Cir.2004) (stating in dicta that "[u]nder subsection [3742](f)(2), then, it seems clear that if we ultimately decide that a sentence is neither 'too high' (subsection (A)) nor 'too low' (subsection (B)), we *do not* have any obligation to remand [for resentencing]," but nevertheless remanding for correction of judgment). *See also United States v. Cooper*, 394 F.3d 172, 176 (3d Cir.2005) (declining to remand because of non-compliance with subsection

3553(c)(2)); *United States v. Daychild*, 357 F.3d 1082, 1107–08 (9th Cir.2004) (same); *United States v. Orchard*, 332 F.3d 1133, 1141 n. 7 (8th Cir.2003) (same).

In dissent, Chief Judge Walker suggests that we are implicitly revising the statutory terms "too high" and "too low" to mean "unreasonably too high" and "unreasonably too low." We disagree. We take these statutory terms as we find them. Of course, when Congress refers to a sentence that is "too" high or "too" low, there has to be some benchmark against which to assess the highness or lowness. In *Booker*, the Supreme Court instructed us to use "reasonableness" as that benchmark. We do not require that a sentence be "unreasonably too high" or "unreasonably too low" before we will vacate it under section 3742(f)(2); we will vacate when the sentence is "too high" or "too low" compared to sentences within the range of reasonableness.

Conclusion

The sentence of the District Court is affirmed, and the case is remanded with instructions to amend the written judgment to comply with 18 U.S.C. § 3553(c)(2).

JOHN M. WALKER, JR., Chief Judge, dissenting:

Because the majority relies on non-binding precedent that misapprehends 18 U.S.C. § 3742(f), the Sentencing Reform Act's vacatur provision, and thereby perpetuates the fallacy that vacatur is not required where a district court fails to comply with the requirement that it include in the judgment a written statement of reasons for the imposition of a sentence outside the applicable Guidelines range, I cannot join the decision of the court. I respectfully dissent.

The majority relies upon the reasoning of cases like *United States v. Fuller*, 426 F.3d 556 (2d Cir.2005), to support the proposition that so long as a reviewing court can declare a sentence substantively reasonable, it is not under a duty to set aside that sentence where a district court fails to comply with the writing requirement codified at 18 U.S.C. § 3553(c)(2). The majority reaches this result by construing the statutory terms "too high" and "too low"—terms of art associated with certain subsections governing vacatur, 18 U.S.C. § 3742(f)(2)(A), (B)—to mean that a reviewing court must declare a sentence "unreasonably too high" or "unreasonably too low" before it is compelled to set aside that sentence for non-compliance with the writing requirement. The majority does this despite the fact that its interpretation of the vacatur provision is contrary to (1) the structure of the provision within the statutory scheme, (2) the congressional purpose underlying the writing requirement, (3) the statutory history undergird-

ing the provision, and (4) the Sentencing Commission's understanding of the provision.

The appropriate reading of § 3742(f) simply requires that a non-Guidelines sentence be above the recommended Guidelines range in order to be considered "too high" and below the recommended Guidelines range to be "too low." Thus, vacatur is required where (1) "the district court failed to provide the required statement of reasons in the order of judgment and commitment," (2) "the sentence is outside the applicable guidelines range," and (3) the appeal was taken by the defendant and the sentence is "too high" in that it is above the applicable Guidelines range or the appeal was taken by the government and the sentence is "too low" in that it is below the Guidelines range. 18 U.S.C. § 3742(f)(2)(A), (B); *see also id.* § 3553(c)(2).

As originally enacted, the Sentencing Reform Act of 1984 provided three separate criteria before a reviewing court was compelled to vacate a sentence: (1) the sentence had to fall "outside the range of the applicable sentencing guideline"; (2) it had to be "unreasonable"; and (3) it had to be "too high," in the event that the defendant appealed, or "too low," in the event that the government appealed. Sentencing Reform Act of 1984, Pub.L. No. 98–473, tit. II, ch.2, § 213(a), 98 Stat.1987, 2012 (codified at 18 U.S.C. § 3742(e), later amended and recodified at 18 U.S.C. § 3742(f)). The structure and purpose undergirding this provision yields two conclusions. First, the overarching structure of the vacatur provision treated as separate inquiries (a) whether a sentence was "unreasonable" and (b) whether it was "too high" or "too low." *Id.* Accordingly, this structure militates against any reading of the current statute that would conflate these inquiries. Second, the purpose be-

hind linking the complaining party to the direction of the Guidelines deviation was a straightforward one: Congress sought to protect the complaining party from receiving a more adverse sentence following an appeal. In the absence of this protective scheme, a court of appeals would be able to set aside a sentence as unreasonably low even though it was the defendant, not the government, that chose to pursue an appeal from that sentence. When commenting on the intended effect of these provisions, the authors of the Senate Committee Report explained "that a sentence cannot be increased upon a section 3742[ ] appeal by the defendant." S.Rep. No. 98–225, at 155 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3338. For the same reason, a sentence could not be decreased upon a section 3742 appeal by the government. *See id.* This is all that the "too high" and "too low" provisions were meant to accomplish; there is no hint from either the text or the legislative history that they were intended as substantive standards by which to evaluate the sentence.

From the subsequent statutory history of § 3742(f) it is likewise plain that when Congress amended the Sentencing Reform Act in 2003 to "require courts to give specific written reasons for any departure from the guidelines," H.R. Conf. Rep. No. 108–66, at 59 (2003), reprinted in 2003 U.S.C.C.A.N. 683, 694, it intended to enforce that requirement by providing a separate cause for vacatur where a district court fails to include the required written statement in the judgment. Prior to its amendment in 2003, § 3742(f) already provided for vacatur where a court of appeals determined that a departure from the Guidelines range was unreasonable. *See* 18 U.S.C. § 3742(f)(2) (Supp.2002) (requiring vacatur where "the sentence is outside the applicable guideline range and is unreasonable"). When Congress amended § 3742(f) in 2003 to provide for vacatur

where a district court fails to issue a writing, it left intact the separate cause for vacatur where a departure was found to be unreasonable. *See* PROTECT Act of 2003, Pub.L. No. 108–21, § 401(c), 117 Stat. 650, 670 (codified at 18 U.S.C. § 3742(f)(2)) (requiring vacatur where a departure is to an "unreasonable degree"). Any reading that excuses non-compliance with the writing requirement where a reviewing court determines that a sentence is neither "unreasonably too low" nor "unreasonably too high" renders superfluous the inclusion of the separate cause for vacatur where the district court failed to abide by the writing requirement. Under such a reading, we face the anomaly of only being required to vacate for non-compliance with the writing requirement where we must already vacate for unreasonableness. Moreover, in evaluating such a sentence for reasonableness, we would (paradoxically) lack the benefit of the district court's written statement explaining its reasons for selecting the sentence it chose to impose. Cf. *United States v. Lewis,* 424 F.3d 239, 246–47 (2d Cir.2005) (holding that non-compliance with the writing requirement satisfied each of the three components of plain error analysis, including the requirement that the error affected the defendant's substantial rights because the lack of a written explanation frustrates appellate review).

Even if the structure, purpose, and history of the vacatur provision were inconclusive as to its meaning, we also have the benefit of the views of the Sentencing Commission—the expert agency charged with implementing the Sentencing Reform Act's mandates. The Sentencing Commission has interpreted § 3742(f) to require a reviewing court to "set aside the sentence and remand the case with specific instructions if it finds that the district court failed to provide the required statement of rea-

sons in the judgment and commitment order." U.S. Sentencing Comm'n, Report to the Congress: Downward Departures From the Federal Sentencing Guidelines 9, 56–57 (2003).

The *Fuller* court, the majority, and other courts that have interpreted these provisions have ignored the Sentencing Commission's understanding of, and the structure, purpose, and history undergirding, the vacatur provision; they have reasoned that "so long as 'we ultimately decide that a sentence is neither "too high" ... nor "too low" ..., we do not have any obligation to remand' in cases where the district court has failed to provide a separate written explanation for [a] departure[ ]" or a non-Guidelines deviation. *Fuller*, 426 F.3d at 566 (quoting dicta from *United States v. Santiago*, 384 F.3d 31, 36–37 (2d Cir.2004) (per curiam)); accord *United States v. Cooper*, 394 F.3d 172, 176 (3d Cir.2005); *United States v. Daychild*, 357 F.3d 1082, 1107–08 (9th Cir.2004); *United States v. Orchard*, 332 F.3d 1133, 1141 n. 7 (8th Cir.2003). Based on this logic, *Fuller* held that where a *departure* is permissible, the overarching sentence cannot be "too high" or "too low." *Fuller*, 426 F.3d at 556–67. Today, the majority extends this flawed reading of the vacatur provision to provide that so long as a *non-Guidelines* deviation is reasonable, the overarching sentence cannot be "too high" or "too low" and, thus, vacatur is not required.

Although, as a panel, we lack the authority to overrule *Fuller*, we should not perpetuate its flawed reasoning by extending it to reach non-Guidelines sentences. Nothing in the terms "too low" or "too high" is tied to whether the sentence is substantively unreasonable. These provisions were simply intended to provide a link between the nature of the deviation from the Guidelines and the right to appeal.

Jones's sentence satisfies each of the three criteria for vacatur: (1) "the district court failed to provide the required statement of reasons in the order of judgment and commitment," (2) "the sentence is outside the applicable guidelines range," and (3) the appeal was taken by the government and the sentence is "too low" in that it is below the applicable Guidelines range. 18 U.S.C. § 3742(f)(2)(B); *see also id.* § 3553(c)(2). As a result, we are required to "set aside the sentence and remand the case for further sentencing proceedings." *Id.* § 3742(f)(2)(B).

Because vacatur is already compelled by the lack of a writing, I would not reach the question of whether Jones's sentence is substantively reasonable—for at least two reasons. First, we should not rule on the substantive reasonableness of a sentence until we have had the benefit of the district court's "specific" written statement setting for its reasons for the imposition of a sentence "different from" the advisory Guidelines sentence. 18 U.S.C. § 3553(c)(2); cf. *Lewis*, 424 F.3d at 246–47. Second, the substantive reasonableness of the sentence is a close question that should only be decided if it is necessary to do so. I have difficulty accepting the fact that a district judge's "feelings" can support a fifty percent deviation from the low-end of the recommended Guidelines range. Of course, as the majority recognizes, the rules that we establish run in both directions. My concerns would similarly exist in a case where a district judge's "feelings" resulted in a sentence fifty percent more than the high-end of the recommended Guidelines range. There is no reason to rule on the propriety of such unfettered discretion in imposing a non-Guidelines sentence when there remains the possibility that, on remand, the district

court will articulate its reasoning in terms that more closely track the § 3553(a) factors—much like the district court did in *United States v. Fairclough*, 439 F.3d 76, 80 (2d Cir.2006) (per curiam) (stating that the district court felt that "the Guidelines range was inadequate to address the 'nature and circumstances' of the offense"). Instead, by upholding this below-Guidelines sentence as reasonable, without first vacating to obtain adequate reasons in the written judgment, we invite a return to the days of wide-open discretion at the expense of both reduced sentencing disparity and fairness. This is an unhealthy trend because the government and defendants alike will come to view sentencing as an arbitrary exercise more informed by which district judge is assigned than by the factors outlined in § 3553(a), and the public, including its elected representatives, will find evidence to support the perception that, in sentencing, courts are more home to judicial wilfulness than the law.

Because the court affirms this sentence as reasonable when the Sentencing Reform Act compels vacatur, I respectfully dissent.