UNITED STATES of America,
Appellee,

v.

Elvis J. FERNANDEZ, Defendant–
Appellant.

No. (05–4648–cr).

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Jeremy F. Orden, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, (Iris Lan, Karl Metzner, Assistant United States Attorneys on the brief), for Appellee.

Present: ROGER J. MINER, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Defendant Elvis J. Fernandez appeals the sentence imposed on him after he pled guilty to illegally reentering the United States after having been deported, following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) & (b)(2). The district court sentenced Fernandez principally to 46 months of imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

After the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we re-

view sentencing decisions for reasonableness, both procedural (i.e., when a district court, in choosing a sentence, does not adequately consider the relevant sentencing factors) and substantive (when the sentence itself is objectively unreasonable). *United States v. Crosby,* 397 F.3d 103, 114–115 (2d Cir.2005). This standard of review is necessarily "deferential," *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005), because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries." *Crosby,* 397 F.3d at 115. Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005)

Fernandez principally argues that his sentence was procedurally unreasonable because the sentencing judge did not explicitly recite his consideration of particular factors influencing his sentencing decision, pursuant to 18 U.S.C. § 3553(a) ("Section 3553(a)"). However, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). In addition, this court has specified that "no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consid-

er' matters relevant to sentencing." *Fleming,* 397 F.3d at 100. Fernandez also does not indicate which of the factors enumerated in Section 3553(a) that were not considered would have led to a different outcome had they been considered.[1] Furthermore, the record indicates that after district court took notice of the Guidelines calculation it added that "[o]f course, the guidelines are advisory only." The district court had previously received a letter from Fernandez's attorney listing reasons why Fernandez should be sentenced below the Guidelines range. The judge then also heard from Fernandez's attorney and Fernandez himself at the sentencing hearing before deciding upon the sentence.

Furthermore, contrary to Fernandez's arguments, this court has held that the sentencing judge "is not prohibited from including in [his] consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised...." *United States v. Jones,* 460 F.3d 191, 195 (2d Cir.2006) (upholding non-Guidelines sentence, even if the district court's stated reasons were "not 'ordinarily' grounds for a pre-*Booker* Guidelines departure and even though [the judge was] influenced in part by his subjective assessment of the defendant"). There was no error in relying upon reasons such as Fernandez's subsequent return to a life of crime when discounting Fernandez's arguments in fa-

1. Pursuant to Section § 3553(a), the factors that are to be considered by a district court when imposing a custodial sentence are: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrent to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Sentencing Guidelines; any pertinent policy statement issued by the United States Sentencing Commission and/or Congress; and the need to avoid unwarranted sentencing disparities.

vor of a lenient sentence, e.g., that he had engaged in a difficult return journey to the United States.

Finally, given the paucity of Fernandez's arguments pertaining to the lack of substantive reasonableness, this case does not present the circumstances that would call the sentence into question on this ground. Fernandez was previously convicted twice of dealing drugs, had disregarded his deportation and had returned to the United States illegally, only to resume selling narcotics. Upon this record, the district court's decision to sentence Fernandez within the range prescribed by the Guidelines—indeed, at the bottom of the applicable Guidelines range—is clearly reasonable. We have considered Fernandez's remaining claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.