**UNITED STATES of America,**
**Appellee,**

v.

**Corey BROWN, Defendant–Appellant.**

**No. 06–3657–cr.**

United States Court of Appeals,
Second Circuit.

---

Nov. 6, 2007.

William H. Paetzold, Moriarty & Paetzold, New York, NY, for Appellant.

Anthony E. Kaplan, Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: THOMAS J. MESKILL,[1] ROGER J. MINER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant appeals from a judgment of conviction and sentence entered on July 28, 2006 in the United States District Court for the District of Connecticut by the Honorable Ellen Bree Burns, United States District Court Judge, following his plea of guilty to possession with intent to distribute more than fifty grams of cocaine base, in violation of

---

1. The Honorable Thomas J. Meskill, who was originally assigned to the panel, died before oral argument. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). The defendant was sentenced to 180 months' imprisonment and ten years of supervised release. The defendant argues that the district court's sentence was unreasonable in that it failed to consider defendant's arguments for a sentence under ten years and that it treated the applicable range under the United States Sentencing Guidelines as heavily presumptive. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

■ We apply de novo review to the legal questions regarding the application of the Sentencing Guidelines. *United States v. Jolly,* 102 F.3d 46, 48 (2d Cir.1996). In reviewing a sentencing court's calculations under the Guidelines, an appellate court must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Fritzson,* 979 F.2d 21, 22 (2d Cir.1992). We review the district court's findings of fact for clear error. *See United States v. Farah,* 991 F.2d 1065, 1068 (2d Cir.1993). Here, the district court found that the defendant was appropriately characterized as a career offender because of his lengthy criminal history, and thus, did not warrant a downward departure for overrepresentation under *United States v. Mishoe,* 241 F.3d 214 (2d Cir.2001). Since the judge accurately recited the defendant's history, the judge took into account the defendant's arguments for a departure, the defendant agreed to a plea that deemed him a career offender, and the defendant had in fact been convicted of two prior felonies, it was not clear error for the district court to find that he was appropriately characterized as a career offender.

We review sentences for unreasonableness. *United States v. Fernandez,* 443 F.3d 19, 25 (2d Cir.2006). This standard of review is the same in situations where a defendant appeals a below-Guidelines sentence for reasonableness as when a defendant appeals a within-Guidelines sentence. *See United States v. Kane,* 452 F.3d 140, 144 (2d Cir.2006); *United States v. Jones,* 460 F.3d 191, 196 (2d Cir.2006). "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Fernandez,* 443 F.3d at 27; *see United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). A sentence will satisfy the requirements of *Booker* and the Sixth Amendment if a sentencing judge 1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; 2) considers the calculated Guideline range, along with the other § 3553 factors; and 3) imposes a reasonable sentence. *Crosby,* 397 F.3d at 113; *Fernandez,* 443 F.3d at 26. "[W]e have imposed no [ ] requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all of the § 3553(a) factors along with the Guidelines applicable range." *Fernandez,* 443 F.3d at 27–28 (emphasis in original). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *Id.* at 29. "Accordingly we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider statutory factors." *Id.*

■ In this case, the judge: calculated the appropriate guideline range; clearly listened to the defendant's arguments for a downward departure; explained why she

was rejecting some of his arguments, but granting the departure for substantial assistance; explained what factors she was considering in determining her sentence; recognized that the guidelines were not mandatory, but that she had to take them into consideration; and finally imposed a sentence well below the mandatory minimum and the guideline range. Thus, the defendant-appellant's sentence was not unreasonable under *Booker* and *Fernandez.* That Judge Burns did not expressly recite that she considered the § 3553(a) factors does not change the fact that she made clear during the sentencing that she was considering those factors. *See United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006).

However, Judge Burns' written judgment did fail to state the specific reasons why she imposed a sentence outside of the Guideline range as required by 18 U.S.C. § 3553(c)(2). Nonetheless, as the government noted in its brief, because she adequately explained her reasons for imposing this sentence during the sentencing hearing, there is no need for us to disturb the conviction or sentence; rather, we remand it to the district court solely for the court to amend its written judgment to comply with § 3553(c)(2). *See United States v. Goffi,* 446 F.3d 319, 321–22 (2d Cir.2006); *Jones,* 460 F.3d at 197.

For the reasons stated above, the conviction and sentence imposed by the district court is hereby AFFIRMED; the matter is REMANDED to the district court to amend its written judgment to comply with 18 U.S.C. § 3553(c)(2).