FILED
United States Court of Appeals
Tenth Circuit

December 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC VIGIL,

Defendant - Appellant.

No. 08-1038
(D. Colorado)
(D.C. No. 01-CR-00192-LTB-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Isaac Vigil appeals the district court's written order of judgment

and commitment. He argues the order fails to state the reasons for the district

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

court's imposition of a sentence outside the range recommended by the federal sentencing guidelines and requests a correction of the order. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **AFFIRM** the sentence because the error does not meet the plain error standard and Vigil has not provided any prudential reason to remand in the absence of plain error.

## I. Background

Vigil pleaded guilty in 2002 to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He received a sentence of forty-eight months' imprisonment followed by thirty-six months' supervised release. After completing his prison term, Vigil began serving his term of supervised release. On May 14, 2007, Vigil admitted to five violations of the conditions of his supervised release. The district court declined to impose a prison sentence, choosing instead to modify the conditions of supervised release to include up to six months in a half-way house.

 Vigil subsequently fled from the half-way house and, in so doing, incurred two additional violations. On February 4, 2008, he admitted to those violations and the district court proceeded to sentence him to twenty months in prison with no supervised release. That sentence constituted a variance from the recommended sentence range of six to twelve months. U.S.S.G. § 7B1.4(a).

Because the district court imposed a sentence outside the range set out in § 7B1.4(a), it was required to state its reasons for the imposition of the particular

-2-

sentence both in open court and in the written order of judgment and commitment. 18 U.S.C. § 3553(c)(2); *id.* § 3553(a)(4)(B). The district court announced in open court its reasons for the variance: "I have a concern about risk to the public. And my concern is that if I sentence you simply within the [recommended range], it's going to unduly depreciate the seriousness of your conduct and promote disrespect for the law." The district court also announced that, in Vigil's case, supervised release "just doesn't work." The written order of judgment and commitment, however, contained none of these reasons for the variance; indeed, it contained no reasons at all. Vigil did not ask the district court to correct the written order of judgment and commitment.

## II. Discussion

Vigil does not contend his sentence is unreasonable despite its noncompliance with § 3553(c)(2). He is not requesting vacatur of the sentencing proceeding. Instead, he seeks a remand to the district court for the entry on the written order of judgment and commitment of the district court's reasons for its variance from the guidelines recommendation.

Vigil failed to raise this issue before the district court, and ordinarily such issues are reviewed for plain error. *United States v. Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008). Under the plain error standard of review, the defendant must show: 1) error by the district court; 2) the error was plain; 3) the error affects his substantial rights; and, if those three elements are met, 4) the error

seriously affected the "fairness, integrity or public reputation of judicial proceedings." *United States v. Mozee*, 405 F.3d 1082, 1090 (10th Cir. 2005) (quotation omitted). Here, however, Vigil urges the court to follow the Second Circuit, which has remanded such sentences for amendment even in the absence of plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 133–34 (2d. Cir. 2008).

Vigil asserts several general reasons why such sentences should be remanded as a matter of course. He argues written orders should be required to contain written reasons for sentence variances because such a requirement would provide reviewing courts, the Bureau of Prisons, and the Sentencing Commission with a convenient statement of the judge's reasons for imposing a sentence outside of the guidelines. *Mendoza*, 543 F.3d at 1193; *United States v. Jones*, 460 F.3d 191, 197 (2d. Cir. 2006). This would obviously assist defendants seeking to overturn their sentences on appeal; it would also help the public learn why a defendant received a particular sentence and help "probation officers and prison officials in developing a program to meet the defendant's needs." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d. Cir. 2007).

In *Mendoza*, this court performed a plain error review in evaluating a government request for resentencing due to the district court's noncompliance with § 3553(c)(2). 543 F.3d at 1191. The court left open the question presented here: whether remand would be appropriate in the absence of plain error when a

party seeks only the remedy of an amended written order and judgment. *Id.* at 1197 n.9.

In this case, Vigil has not provided any specific reasons why he individually would be affected by an amendment of the written order. He has not appealed the reasonableness of the sentence. The district court's stated reasons for the variance were (1) Vigil's risk to the public and (2) the district court's conclusion that the guidelines sentence understated the seriousness of Vigil's conduct and would promote disrespect for the law. Vigil has not suggested how the Bureau of Prisons might manage him differently if these reasons were present on his written order of judgment and confinement, and since he was not sentenced to supervised release, he cannot argue that such written reasons would affect his supervision.

Since Vigil has not asserted the impairment of any individual interest, he surely cannot show the impairment of a substantial right necessary to establish plain error. Vigil urges the court to forego plain error review and remand the sentence for prudential reasons. The court need not decide whether a departure from the plain error standard is appropriate, however, because Vigil has not demonstrated he would benefit from remand, and therefore he has not shown a prudential reason for remand in this case.

Because the district court did not commit plain error and because Vigil has not demonstrated a prudential reason for remand in this case, the sentence is **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge