10-1662-cr
United States v. LaTray

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
          ROGER J. MINER,
          DENNY CHIN,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
     Appellee,

-v.-                                  10-1662-cr

GARY LATRAY,
     Defendant-Appellant,

TIMOTHY DEMARC,
     Defendant.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:    MARJORIE M. SMITH, Piermont, New York.

FOR APPELLEE:                    PAULA RYAN CONAN, Assistant United
                                 States Attorney (John G. Duncan,
                                 Assistant United States Attorney,
                                 on the brief), for Richard S.
                                 Hartunian, United States Attorney
                                 for the Northern District of New
                                 York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the United States District Court for the Northern District of New York (McCurn, J.) entered April 26, 2010, convicting defendant-appellant Gary LaTray of violating the terms of his supervised release and sentencing him principally to 36 months' imprisonment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **AFFIRMED**, and the case is **REMANDED** for the district court to amend the written judgment to append a detailed written statement of the reasons for the sentence in compliance with 18 U.S.C. § 3553(c)(2) (2006).[1]

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

---

[1]    Effective May 27, 2010, 18 U.S.C. § 3553(c)(2) was amended in technical respects.  We apply the statute that was in effect at the time of his sentencing.

In 1990, following a jury trial, Gary LaTray was convicted in the Northern District of New York of armed robbery of bank funds and associated crimes. He was sentenced principally to 248 months' imprisonment and three years' supervised release. He completed his term of imprisonment and commenced his term of supervised release in June 2007.

On May 27, 2009, the Probation Department filed a petition for revocation of LaTray's supervised release, based on three specifications: failure to report as directed by the Probation Department; use of marijuana and/or cocaine on three occasions; and failure to comply with the requirements of a drug testing program. The district court issued a warrant for LaTray's arrest.

LaTray was arrested in West Virginia on February 24, 2010, and was returned to the Northern District of New York. He pled guilty to the three violations of supervised release on April 20, 2010. The district court proceeded immediately to sentencing. Although the violations carried a range of 8 to 14 months under the United States Sentencing Guidelines (the "Guidelines"), see U.S.S.G. § 7B1.4(a) (2010), the district court sentenced LaTray to the maximum possible term of imprisonment -- 36 months. LaTray filed a timely notice of appeal.

On appeal, LaTray argues principally that the district court committed reversible error by: (1) sentencing him without a new presentence report; (2) sentencing him to an above-Guidelines sentence without first giving notice that it was

-3-

contemplating doing so; and (3) failing to properly explain its sentence in open court and in the written judgment of conviction. We address each argument in turn. We note that LaTray raises these arguments for the first time on appeal, and thus our review of his claims is for plain error. United States v. Deandrade, 600 F.3d 115, 119 (2d Cir.), cert. denied, 130 S. Ct. 2394 (2010).

1. **The Absence of a Presentence Report**

LaTray's first argument fails because a presentence report is not required where a defendant is sentenced for a violation of supervised release. The provisions applicable to revocation proceedings -- Chapter 7 of the Guidelines and Federal Rule of Criminal Procedure 32.1 -- do not impose such a requirement. Indeed, the practice in the district courts in this Circuit is to sentence for violations of supervised release without a new presentence report.

LaTray relies on Chapter 6 of the Guidelines and Federal Rule of Criminal Procedure 32, which do require, as a general rule, a presentence report. Chapter 6 and Rule 32 apply generally to criminal proceedings, however, and not specifically to revocation proceedings. They are entitled, respectively, "Sentencing Procedures, Plea Agreements, and Crime Victims' Rights" and "Sentencing and Judgment." In contrast, Chapter 7 and Rule 32.1 apply specifically to, respectively, "Violations of Probation and Supervised Release" and "Revoking or Modifying Probation or Supervised Release." As they do not require a presentence report, there was no plain error here.

-4-

## 2. **The Absence of Notice**

Likewise, there was no error, much less plain error, in the district court's failure to give advance notice of its intention to impose an above-Guidelines sentence. Again, LaTray relies on a rule, Federal Rule of Criminal Procedure 32(h), that does not apply to revocation proceedings. Moreover, even in the general sentencing context, the Supreme Court has held that the "notice" requirement in Rule 32(h) is not applicable to the imposition of a "variance" from the Guidelines range under the post-Booker advisory Guidelines regime. Irizarry v. United States, 553 U.S. 708, 713-14 (2008). In fact, the Guidelines ranges applicable to revocation sentencings were always "only advisory," as they were originally promulgated as "policy statements only." See U.S.S.G. § 7A cmt. 1 (2010); United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008).

## 3. **Reasonableness of the Sentence**

As in the sentencing context generally, a sentence in the revocation context must be reasonable, both substantively and procedurally. See Verkhoglyad, 516 F.3d at 127. On appeal, we review such challenges for abuse of discretion. United States v. Hasan, 586 F.3d 161, 167-68 (2d Cir. 2009), cert. denied, 131 S. Ct. 317 (2010).

LaTray does not challenge the substantive reasonableness of his sentence, nor could he. The district court did not abuse its discretion in sentencing LaTray to the maximum term of 36 months. Judge McCurn had sentenced LaTray on the underlying offenses back in 1990, and he was fully aware of the

-5-

violent nature of LaTray's original crimes and his criminal record, which the district court had then described as "horrendous." LaTray admitted his guilt with respect to the three specifications in question, which charged multiple violations. He was in Criminal History Category VI. And he had been arrested out-of-state on unrelated charges, clearly having absconded from supervised release. Under these circumstances, the district court's imposition of a 36-month sentence fell "within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Procedurally, LaTray argues, the district court failed in two respects. First, he contends that the district court failed to state its reasons in open court for imposing a sentence outside of the Guidelines range. See 18 U.S.C. § 3553(c) (2006). Second, he notes that the written judgment contained no statement of reasons for the imposition of a non-Guidelines sentence. See 18 U.S.C. § 3553(c)(2). The government concedes that the district court's failure to memorialize its reasons in writing constituted error but argues that the court's oral statements provided a sufficient explanation for the sentence imposed.

At the hearing, the district court addressed LaTray and stated: "The court imposes this sentence . . . above the [G]uideline range after considering the breach of trust that occurred while you were under the supervision of this court." The court also noted: "With all factors considered, the court finds this to be an appropriate sentence."

-6-

The district court's oral explanation for its sentence was insufficient. The stated reasoning rested solely upon breach of trust, a fact inherent in every violation of supervised release. See U.S.S.G. § 7A.3(b) (2010) (providing that during revocation, court should "sanction primarily the defendant's breach of trust"). "'When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation.'" United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007) (quoting United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006)). Likewise, the district court's statement that the maximum sentence was appropriate "[w]ith all factors considered" was insufficient under 18 U.S.C. § 3553(c). While we have not required an "extensive or detailed" explanation, Verkhoglyad, 516 F.3d at 136, a fuller explanation of the court's reasoning was in order in this case.

Nonetheless, we do not reverse on this basis. First, there was no objection or request for a fuller explanation. Second, under the circumstances here, even a bit of further elaboration would have been sufficient, and given the present record, we can easily discern what the district court meant by "breach of trust." Because it is clear that LaTray's conduct constituted several breaches, and that he cannot show that his sentence was substantively unreasonable or an abuse of

discretion, we are of the view that the district court's failure to provide a fuller oral statement of reasons did not deprive LaTray of substantial rights or reflect negatively on the judicial process.  Accordingly, it did not constitute plain error.  Cf. United States v. Lewis, 424 F.3d 239, 245-46, 249 (2d Cir. 2005) (finding plain error in failure to verbally state "any reason," vacating sentence, and remanding for oral and written statement of reasons).

The district court clearly failed to state an adequate reason for imposing a non-Guidelines sentence in the written judgment of conviction.  See 18 U.S.C. § 3553(c)(2) (court must state in writing "the specific reason" for sentence imposed outside the range).  But where a sentencing court has provided an oral statement of reasons sufficient in light of the record to provide a basis for this Court's review for reasonableness, remand only for a written statement of reasons without vacatur of the sentence is appropriate.  See United States v. Jones, 460 F.3d 191, 196-97 (2d Cir. 2006) (finding oral statement explaining non-Guidelines sentence permitted review for reasonableness and remanding only for compliance with § 3553(c)(2)).  Where, as here, the district court's oral explanation was insufficient, but the plain-error standard is applicable and the record leads to the conclusion that there was no plain error, we likewise conclude that vacatur of the judgment is not required and that it is appropriate simply to remand for the district court to provide a more detailed articulation of the reasons for the sentence in a written statement to accompany the judgment as contemplated by 18 U.S.C. § 3553(c)(2).

-8-

## CONCLUSION

We have considered all of LaTray's other contentions on appeal and have found them to be without merit.  For the reasons stated above, the sentence of the district court is **AFFIRMED**, and the case is **REMANDED** with instructions to amend the written judgment to append a detailed written statement of the reasons for the sentence in compliance with 18 U.S.C. § 3553(c)(2) (2006).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK