11-3391-cr
United States v. Givens

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 18th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             -v-                                          11-3391-cr

TIMOTHY GIVENS,

                      *Defendant-Appellant*.

_____

Appearing for Appellee:      Stephan J. Baczynski, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney, *on the brief*), Western District of New York, Buffalo, NY.

Appearing for Appellant:     Arza Feldman, Feldman & Feldman, Uniondale, NY.


Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

On November 12, 2002, Timothy Givens was convicted of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of the conspiracy in violation of 18 U.S.C. § 924(c)(1). After several appeals and remands for re-sentencing not pertinent to this appeal, Givens was re-sentenced principally to 348 months imprisonment on August 8, 2011. Givens now appeals from his August 11, 2011 amended judgment of conviction. On appeal, he asserts the district court abused its discretion by not conducting a proportionality analysis comparing the sentences of all of his co-defendants and by not applying the Fair Sentencing Act ("FSA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks, citation and alterations omitted). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A sentence will be upheld unless "the district court's decision cannot be located within the range of permissible decisions." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d. Cir. 2007) (internal quotation marks omitted)..

While "a sentencing judge has discretion to consider . . . proportionality [among co-defendants] in exercising discretion to select a sentence within an applicable Guidelines range," this Court has "rejected efforts to achieve proportionality among defendants as a valid ground for a departure." *United States v. Rahman*, 189 F.3d 88, 149 (2d Cir. 1999) (citing *United States v. Joyner*, 924 F.2d 454, 458 (2d Cir. 1991)); *see United States v. Williams*, 524 F.3d 206, 216 (2d Cir. 2008) (noting that district court has "discretion to consider any disparities" arising in sentencing but cautioning against focusing on proportionality "without making [its] own assessment of an appropriate sentence). In sentencing Givens to a below Guidelines sentence, the district court was under no duty to achieve proportionality with Givens's co-defendants. Nevertheless, the record belies Givens's argument that the court gave proportionality no consideration. Identifying Givens as the right-hand man of the leader of the instant conspiracy, and, in the interest of fairness, the court departed downward by six years in sentencing Givens to a lesser term than the leader, but more than other participants. *See United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006) (judge may consider "own sense of what is a fair and just sentence under the circumstances"). The district court did not abuse its discretion in not expressly considering Givens's sentence in light of the sentences of all of his co-defendants.

2

The district court only considered the amount of powder cocaine involved in the conspiracy in sentencing Givens. The mandatory minimum for possession with intent to distribute 5 kilograms or more of powder cocaine was unaltered by the passage of the FSA. The passage and retroactive effect of the FSA, *see Dorsey v. United States*, 132 S. Ct. 2321 (2012), have no bearing on this case.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3