21-205-cr
United States of America v. Robert Courtright

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                        21-205-cr

ROBERT COURTRIGHT,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     Darrell Fields, Assistant Federal Defender, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:      James Ligtenberg, Assistant United States Attorney (Matthew D. Podolsky, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Robert Courtright appeals from the January 29, 2021 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), sentencing him to twenty-six months' imprisonment for threatening to assault federal law enforcement officers in violation of 18 U.S.C. § 115(a)(1)(B). Courtright was arrested after he made three phone calls to various law enforcement agencies and verbally abused the agents and threatened federal law enforcement officers. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The only issue on appeal is whether the district court's upward variance from the 12-to-18 month Sentencing Guidelines range to impose a prison sentence of 26 months was substantively reasonable.

This Court reviews the reasonableness of a sentence for abuse of discretion. *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008). We do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (emphasis and internal quotation marks omitted).

The district court may take into consideration its "own sense of what is a fair and just sentence under all the circumstances." *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006). Appellate review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Courtright argues that his sentence is substantively unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Courtright contends that he accepted responsibility and pleaded guilty and that he wishes to address his anger issues. He also points out that his conduct included only words uttered over a telephone on one day, that he did not call with the intent to threaten but lost his temper during the phone calls, and that he did not act on his threats. Finally, he argues that he has suffered particularly harsh prison conditions due to the COVID-19 pandemic.

The district court's sentence can hardly be called unreasonable. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009). Here, the district court's sentence was reasonable in light of the Section 3553(a) factors. *See, e.g.*, *United States v. Fairclough*, 439 F.3d 76, 80-81 (2d Cir. 2006) (affirming 48-month sentence reflecting a 21-month upward departure from a Guidelines range of 21 to 27 months "[i]n light of all of the relevant considerations, including the sec. 3553(a) factors, the reasoning given by the District Court, and the deference we need afford the District Court's sentencing judgment"). The district court here carefully assessed the Section 3553(a) sentencing factors and determined an upward

variance was warranted. In support, the district court cited the serious nature of Courtright's offense and the viciousness of his threats, his history and characteristics including his anger issues as well as his lengthy history of domestic violence, the need to promote general and specific deterrence, and the need to protect the public. Additionally, the district court took into account the conditions of Courtright's imprisonment and the effect of the COVID-19 pandemic on those conditions.

We have considered the remainder of Courtright's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3