15-3535
*United States v. Winn*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            RALPH K. WINTER,
            REENA RAGGI,
                        *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,
            v.                                                    No. 15-3535

EULION ALLEN, a/k/a Lele, SAYWONE WARE,
JOHN HINES, a/k/a Blue,

                    *Defendants*,

DEREK WINN, a/k/a Suey,

                    *Defendant-Appellant.*
_____

For Appellee:                   DAVID C. PITLUCK, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:        FLORIAN MIEDEL, Miedel & Mysliwiec LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York

(Irizarry, *J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Derek Winn appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) sentencing him principally to thirty-six months' imprisonment for violating the terms and conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Winn was originally convicted in the Eastern District of New York on narcotics and firearms charges. After completing his custodial sentence and serving several years of his term of supervised release, Winn absconded from supervision and was eventually arrested in Georgia over two years later. He pleaded guilty to a fraud offense in the Southern District of Georgia and was sentenced to twenty-four months' incarceration. He subsequently pleaded guilty in the Eastern District of New York to violating the terms and conditions of his supervised release by committing a new federal offense. The district court sentenced him to thirty-six months—well above the Guidelines range of eight to fourteen months—to be served consecutively to his sentence in the Southern District of Georgia.

In explaining that above-Guidelines sentence, the court first noted that "the sentence on a violation of supervised release reflects something different than punishment for the new crime that has been committed. It is a punishment of a violation of the trust of the Court." App. 72. The court then discussed several factors that influenced Winn's sentence. The court noted that Winn had received a significant downward variance on his underlying sentence based on his cooperation and the court's belief in his potential. Next, the court observed that it had not imposed any significant sanctions for Winn's previous violations of supervised release, such as violating curfew, using marijuana, and associating with felons. In response to Winn's argument that he left New York because he received threats from the gang members against whom he had

2

cooperated with the government, the court stated that "the bottom line is that the FBI and probation did do everything within [their] power to protect you whenever you complained of threats," but that Winn "decided to abscond." App. 74. Finally, it discussed Winn's conduct in Georgia, stating:

> [T]he fact of the matter is that you were in a location where crimes were being committed. You were with an underage girl. I'm not buying this nonsense of, well, you know, she looked older, she said she was older. That's garbage. You had barber skills. You had no need to engage in the crime that you ultimately got convicted for. Those are transferrable skills. You had absconded for a period of two years.

App. 74. The court concluded that an above-Guidelines sentence was warranted because Winn "seriously violated the trust of the Court," and "violated every opportunity that the Court and probation gave [him] to do better for [him]self, to continue to help [his] daughter and to continue to do well." App. 75.

Winn argues that the district court committed procedural error by failing to give specific reasons for imposing an above-Guidelines sentence. A sentencing court is required to "state in open court the reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c); *see also United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (stating that a district court commits procedural error when it "fails adequately to explain the chosen sentence" (quoting *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012))). "[W]e do not require district courts to engage in the utterance of 'robotic incantations' when imposing sentences in order to assure us that they have weighed in an appropriate manner the various section 3553(a) factors." *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007) (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138, 142 (2d Cir. 2005)). Nonetheless, "the district court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as

3

justifications for the sentence are 'sufficiently compelling []or present to the degree necessary to support the sentence imposed.'" *Id.* at 86 (internal citation omitted) (quoting *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)).

Because Winn failed to object to the district court's explanation of his sentence, we review only for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007). Under that standard, the defendant must demonstrate that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

First, Winn argues that the district court's explanation is insufficient because the reasons the court gave orally during the sentencing hearing were inconsistent with its written statement of reasons. Specifically, he argues that the court's oral explanation focused on his conduct in Georgia whereas the written explanation referred to the "facts and circumstances of this offense." Reading both explanations in their entirety, however, there is no material inconsistency. The district court's written explanation contained a paragraph setting forth additional reasons for its upward variance beyond its generic reference to the "facts and circumstances of this offense," and those reasons were substantially similar to those the court articulated in detail at the sentencing hearing.

Second, Winn argues that the court improperly relied on uncharged and unproven conduct, specifically, the fact that he was arrested in a location where crimes were being committed and that he was with an underage girl. We have held that "conduct underlying

4

acquitted or dismissed charges or uncharged conduct may be taken into account in sentencing if the government establishes that conduct by a preponderance of the evidence." *United States v. Aldeen*, 792 F.3d 247, 254 (2d Cir. 2015). Here, "no hearing occurred and no specific findings were made" with respect to the circumstances of Winn's arrest. *Id*.

However, not only did Winn fail to dispute these facts at sentencing, he expressly admitted that they were true. His attorney admitted that, at the time of Winn's arrest, "he was staying in a place where there was access device equipment," App. 59, and was with a sixteen-year-old girl. Winn himself admitted that he consorted with an underage girl. Accordingly, there does not appear to be any dispute that these facts are true. Furthermore, the district court mentioned these facts only in passing, focusing primarily on Winn's breach of the court's trust. Under these circumstances, the district court's failure to make an express factual finding does not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Marcus*, 560 U.S. at 262 (citation and alteration omitted).

Finally, Winn argues that the district court's reasons were not sufficiently compelling to justify the magnitude of its departure from the Guidelines. He faults the district court for failing to explain why a sentence shorter than thirty-six months would not have sufficed to achieve the goals of sentencing. However, we have "decline[d] to impose a requirement for such specific articulation of the exact number of months of an imposed sentence." *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006). Here, the district court explained in detail why it considered Winn's breach of the court's trust to be sufficiently serious to merit a sentence substantially above the Guidelines range. This explanation was sufficient to "inform[] the defendant of the reasons for his sentence," to "permit[] meaningful appellate review," and to "enabl[e] the public to learn why the defendant received a particular sentence." *Villafuerte*, 502 F.3d at 210. Accordingly, the district court did not commit procedural error.

Winn also challenges the substantive reasonableness of his sentence. We will vacate a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). When reviewing a non-Guidelines sentence, "we may take the degree of variance into account and consider the extent of a deviation from the Guidelines," but we "must not employ a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* at 190 (quoting *Gall v. United States*, 552 U.S. 38, 47 (2007)) (internal quotation marks omitted).[1]

First, Winn argues that the district court's reliance on the downward variance that he received at his initial sentencing was erroneous under *United States v. Sindima*, 488 F.3d 81, 86–87 (2d Cir. 2007). However, *Sindima* does not foreclose a district court from imposing an above-Guidelines sentence based on its previous leniency toward the defendant. To the contrary, the Guidelines expressly contemplate that practice and provide that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) . . . an upward departure may be warranted." U.S.S.G. § 7B1.4 n.4; *see also United States v. Verkhoglyad*, 516 F.3d 122, 130 (2d Cir. 2008) (upholding sentence "in excess of the policy statement range" for probation violation in part because the defendant "had repeatedly betrayed the trust reflected in the[] lenient sentences" previously imposed). *Sindima* merely requires the court, when relying on a factor that is already incorporated into the Guidelines range to impose an above-Guidelines sentence, to "articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines

_____

[1] Winn did not challenge the substantive reasonableness of his sentence in the district court. "[T]his court has not determined whether [plain error analysis] applies to unpreserved *substantive* challenges to a sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008). We need not decide this question here, as Winn's claim would fail even under an abuse-of-discretion standard. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014).

calculation." 488 F.3d at 87 (quoting *United States v. Zapete-Garcia*, 447 F.3d 57, 60 (1st Cir. 2006)). The district court fulfilled this requirement here.

Second, Winn argues that the district court's written explanation emphasized the "facts and circumstances of this offense," and thus failed to heed the Sentencing Commission's directive that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, *to a limited degree*, the seriousness of the underlying violation and the criminal history of the violator." *Sindima*, 488 F.3d at 86 (quoting U.S.S.G. ch. 7, pt. A.3(b)). This argument ignores the record. In fact, the district court appropriately emphasized Winn's breach of trust, explaining that the sentence was based on the leniency Winn had received when first sentenced, the leniency he received for his previous violations of supervised release, his decision to abscond from supervision, and his failure to make use of the skills he acquired under supervision. Under these circumstances, the sentence imposed by the court was not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We have considered all of Winn's arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7