19-4141-cr
*United States v. Sepulveda*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-one.

PRESENT:    ROBERT D. SACK,
            RICHARD C. WESLEY,
            STEVEN J. MENASHI,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                                        No. 19-4141-cr

WILFREDO SEPULVEDA, AKA
DIONICIO DE LA CRUZ RODRIGUEZ

      *Defendant-Appellant.*

_____

*For Appellee*:

KYLE A. WIRSHBA, Assistant United States Attorney (Elinor L. Tarlow, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY

*For Appellant*:

YU HAN (Noam Biale, Michael Tremonte, *on the brief*), Sher Tremonte LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Wilfredo Sepulveda appeals from his judgment of conviction in the United States District Court for the Southern District of New York for Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; distributing and possessing with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and distributing and possessing with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The district court sentenced Sepulveda to 288 months' imprisonment,

which exceeded the applicable range under the United States Sentencing Guidelines by 53 months, or roughly 4.5 years. On appeal, Sepulveda challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). Our review of a sentence is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013).

A district court commits procedural error if it fails to calculate the sentencing range recommended under the federal Sentencing Guidelines, makes a mistake in calculating the Guidelines range, or treats the Guidelines as mandatory. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The district court also commits procedural error if it fails to consider the sentencing factors listed in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding

3

of fact, or fails adequately to explain its sentence. *Id.* The court's explanation of its sentence "must satisfy us that it has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *Id.* at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alteration omitted). In addition, the court "must include 'an explanation for any deviation from the Guidelines range,'" which requires the court to "say why [it] is doing so, bearing in mind … that 'a major departure from the Guidelines should be supported by a more significant justification than a minor one.'" *Id.* at 190, 193 (quoting *Gall v. United States*, 552 U.S. 50-51 (2007)) (alteration omitted).

"Once we have determined that the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189). At this stage of review, "an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it." *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009). Because such review is "deferential," it is not our place to "consider what weight we would ourselves have given a particular factor." *Id.* Instead, "we consider whether the factor, as

4

explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.*

## II

Applying these principles, we hold that Sepulveda's sentence was procedurally and substantively reasonable. Sepulveda's arguments to the contrary are without merit.

First, Sepulveda argues that his sentence was procedurally unreasonable because the district court "failed adequately to explain its substantial upward variance" from the Guidelines range. Appellant's Br. 20. In fact, the district court provided a lengthy explanation for its decision to impose an above-Guidelines sentence, which included an extended discussion of the violent nature of the offense, Sepulveda's long history of criminal conduct, the failure of previous punishments—including substantial terms of incarceration and deportation—to deter Sepulveda's future criminal conduct, and that Sepulveda had on several occasions violently resisted arrest. The district court acted within its discretion to decide that these factors warranted an above-Guidelines sentence, and the district court's explanation for its sentence "satisf[ies] us that it … 'considered the parties' arguments' and that it ha[d] a 'reasoned basis for exercising its own legal

5

decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (quoting *Rita*, 551 U.S. at 356) (alteration omitted).

Next, Sepulveda contends that the district court erred by imposing an above-Guidelines sentence based on factors for which the Guidelines already accounted, including the robbery, Sepulveda's use of a firearm, and Sepulveda's criminal history. But considering these factors was not error. Indeed, 18 U.S.C. § 3553(a)(1) instructs judges to "consider … the nature and circumstances of the offense" as well as "the history and characteristics of the defendant" when "determining the particular sentence to be imposed." Moreover, a district court may "rely[] on a factor that is already incorporated into the Guidelines range to impose an above-Guidelines sentence" as long as it "articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation." *United States v. Allen*, 662 F. App'x 80, 84 (2d Cir. 2016) (alteration omitted). The district court did so by emphasizing not only the facts that Sepulveda had committed a robbery, used a firearm, and had a criminal history, but that the robbery was particularly violent, that Sepulveda used a firearm to threaten an 83-year-old woman, and that

Sepulveda's history of criminal conduct was both serious and indicated that less severe punishments had failed to deter him.

Additionally, the district court did not, as Sepulveda contends, ignore binding precedent when considering Sepulveda's criminal history category. While the district court expressed disagreement with precedent under which Sepulveda could not be considered a "career offender" for federal sentencing purposes based on his prior narcotics convictions, the court affirmed that it would not find that Sepulveda was a career offender. The district court even disclaimed reliance on Sepulveda's criminal history category altogether when imposing its sentence, focusing instead on Sepulveda's past history of criminal conduct. The record thus confirms that the district court did not improperly designate Sepulveda as a career offender in derogation of binding precedent, nor did it rely on that designation in fixing its sentence.

Sepulveda further argues that the district court committed procedural error by considering acquitted conduct at sentencing. Specifically, Sepulveda claims that the court should not have considered his use of a firearm at sentencing because the jury acquitted Sepulveda of the violation of 18 U.S.C. § 924(c) charged in the superseding indictment. Sepulveda argues that by considering acquitted

7

conduct at sentencing and justifying an enhanced sentence based on that conduct, the district court "undermine[d] the 'unassailable' finality of the jury's verdict" and "violate[d] due process." Appellant's Br. 31 (quoting *Yeager v. United States*, 557 U.S. 110, 123 (2009)). The Supreme Court has made clear, however, that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). Here, the district court's finding that Sepulveda used a firearm during the robbery was supported by a preponderance of the evidence—which included eye-witness testimony, the recovery of the firearm from the crime scene, and Sepulveda's DNA on the firearm's trigger and trigger guard—and thus did not violate due process. *See id.* at 156 ("[A]pplication of the preponderance standard at sentencing generally satisfies due process."). And because "there is no logical inconsistency in determining that a preponderance of the evidence supports a finding about which there remains a reasonable doubt," *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005), the district court's consideration of Sepulveda's use of a firearm did not upset the finality of the jury's verdict.

We accordingly hold that Sepulveda's sentence was procedurally reasonable.

**III**

We also hold that Sepulveda's sentence was substantively reasonable. "Our review for substantive unreasonableness is 'particularly deferential.'" *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2005). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (internal quotation marks omitted). As noted above, in assessing substantive reasonableness, we do not consider "what weight we would ourselves have given a particular factor" in fixing the defendant's sentence but rather "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Rigas*, 583 F.3d at 122.

Sepulveda argues that his above-Guidelines sentence of 288 months'—or 24 years—imprisonment is substantively unreasonable because it vastly exceeds the typical sentences imposed for defendants convicted of robbery in the same

9

criminal history category as Sepulveda. Assuming, *arguendo*, that the data on which Sepulveda relies is accurate, that disparity is not enough for us to determine that his sentence is substantively unreasonable. The question is whether the district court's sentence "cannot be located within the range of permissible decisions." *Dorvee*, 616 F.3d at 179.

We cannot say that the district court's sentence fell outside the range of permissible decisions. The district court explained that an above-Guidelines sentence was warranted in light of Sepulveda's long history of criminal conduct and the failure of his prior, shorter sentences and deportation to deter him from committing further crimes. That factor, combined with the violent nature of the instant offense, Sepulveda's threatening of an elderly woman, and Sepulveda's history of violently resisting arrest were sufficient—under our deferential standard of review—to justify the district court's above-Guidelines sentence. In sum, we do not conclude that Sepulveda's sentence, in light of those factors, was so "shockingly high" as to "damage the administration of justice." *Aldeen*, 792 F.3d at 255.

10

We have considered Sepulveda's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court